UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT W. JOHNSON,

      Plaintiff,

v.

ASHLAND COUNTY SHERIFF'S
OFFICE, et al.,

      Defendants.

Case No. 22-11960
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF THE FILING FEE [2],
SUMMARILY DISMISSING COMPLAINT [1], AND
DENYING OTHER PENDING MOTIONS AS MOOT [3, 6]**

---

Robert Johnson sued the Ashland County Sheriff's Office, the Ohio Civil Rights Commission, and at least 10 individuals for alleged violations of his due process rights and for employment discrimination. (ECF No. 1, PageID.5–6.) The sum total of the factual allegations in the complaint are as follows: "Robert W. Johnson was discriminated against by Ashland County Sheriff's Office and [an individual Defendant] for employment and employee applicant's due process rights. [Other individual Defendants and the Ohio Civil Rights Commission] denied Robert W. Johnson due process rights and merits for employment discriminations by Ashland County Sheriff's Office and [an individual Defendant]." (*Id.* at PageID.5.)

In addition to his complaint, he filed an application to proceed without prepaying fees or costs (ECF No. 2), a one-page "change of venue request due to

conflict of interest by the Northern District of Ohio due to abuses done by court clerk(s)" (ECF No. 3), and a "motion for seizure of chattels" (ECF No. 6).[1]

Start with the application to proceed without prepaying costs and fees. (ECF No. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the plaintiff demonstrates that they cannot pay such fees. Johnson states that he is unemployed and has very limited means. (ECF No. 2.) So the Court finds that Johnson is entitled to proceed in forma pauperis and grants his application. *See* 28 U.S.C. § 1915(a)(1).

But when a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. And even pro se complaints "must plead facts sufficient to show a redressable legal wrong

---

[1] Johnson also filed a motion requesting that the clerk enter a default against all the Defendants, but the clerk denied it as the application to proceed without prepaying fees or costs was pending and so the Defendants have yet to be served. (ECF Nos. 5, 7.)

has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

Johnson's complaint has failed to meet this standard because it "contained no factual allegations indicating that these Defendants committed any wrongdoing." *See Mason v. Polster*, No. 17-3117, 2018 WL 3968215, at *2 (6th Cir. May 17, 2018) (citing 28 U.S.C. § 1915(e)(2)(B)(ii); *Iqbal*, 556 U.S. at 678). In other words, Johnson never explained what any Defendant actually did to violate his due process rights or to discriminate against him. So "even under the most liberal construction, [Johnson's] complaint did not state a claim for relief." *See Hammons v. Cuyahoga Child Enf't Agency*, 66 F. App'x 623, 624 (6th Cir. 2003).

In sum, Johnson's conclusory allegations are insufficient to state a claim for relief. Accordingly, the Court GRANTS Johnson's motion to proceed in forma pauperis (ECF No. 2), DISMISSES his complaint without prejudice (ECF No. 1), and DISMISSES the other pending motions as moot (ECF Nos. 3, 6). A separate judgment will follow.

SO ORDERED.

Dated: September 27, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

3